952 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus MANUEL DELEMOS, Defendant-Appellant.
 No. 91-3270.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1992.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Section 5E1.2(a) of the United States Sentencing Guidelines provides that after a defendant in a federal criminal case has been convicted, a fine in an amount determined under § 5E1.2(c) must be imposed except as provided in § 5E1.2(f). Subsection (f) authorizes the sentencing court to reduce or waive the required fine if the defendant establishes that he could not pay it. U.S.S.G. § 5E1.2(i) provides that "subject to the provisions of subsection (f) herein, the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered."
 
 
 2
 The defendant in the instant case was a major drug dealer who, after pleading guilty to a drug conspiracy charge, was sentenced to imprisonment for 235 months. The district court believed that the defendant had profited substantially from his participation in the conspiracy, but no one knew what had become of the defendant's illicit earnings; the defendant appeared to be destitute at the time of sentencing.
 
 
 3
 Because of the defendant's "apparent present financial condition," the district court decided not to impose a fine calculated in accordance with U.S.S.G. § 5E1.2(c). Pursuant to U.S.S.G. § 5E1.2(i), however, the court imposed an "additional" fine of $1,415.66 per month to cover imprisonment costs.
 
 
 4
 The main question presented in this appeal is whether the guidelines gave the district court authority to impose an "additional" fine without imposing a primary fine. Concluding that this question must be answered in the negative, we shall remand the case for resentencing.
 
 
 5
 * The defendant, Jesus Manuel Delemos, was arrested in December of 1989 for distributing two kilograms of cocaine. A grand jury subsequently returned a nine-count indictment against him and a number of co-defendants. On May 25, 1990, Mr. Delemos entered into a plea bargain under which he agreed to plead guilty to Count 1 of the indictment, admitting that he had participated in a narcotics conspiracy with at least five other people over a period of more than four years. The remaining counts naming Mr. Delemos were dismissed.
 
 
 6
 A probation officer prepared a presentence report in which he recommended attributing more than 70 kilograms of cocaine to Mr. Delemos. This would produce a base offense level of 36. The officer further recommended a two-level reduction for acceptance of responsibility and a four-level increase for Delemos's role as a leader.
 
 
 7
 Mr. Delemos objected to the amount of cocaine attributed to him and to the leadership role increase. After an evidentiary hearing, the district court overruled the objections and accepted the probation officer's recommendations. Using an offense level of 38 and the lowest criminal history category, the court determined that the guideline range prescribed by the sentencing table was imprisonment for 235-293 months. The court imposed a sentence at the bottom of that range.
 
 
 8
 The probation officer had calculated the range of the primary fine called for by the guidelines as between $25,000 and $1 million. The officer's presentence report went on to note that the Administrative Office of the United States Courts suggested using a figure of $1,415.56 as the monthly cost of imprisonment. As indicated above, the district court waived the imposition of any primary fine "because of [the defendant's] present financial condition or apparent financial condition." The court stated that it would order the defendant to pay the cost of his incarceration in the amount of $1,415.66 per month, however, and went on to make the following statement:
 
 
 9
 "That may well sound both unrealistic and even ridiculous due to the fact that the Defendant is in bankruptcy. This Court, however, is not so naive [as] to believe that this money simply disappeared from the face of the earth, and with that kind of a financial obligation, if that money is ever uncovered by the IRS or any other government agency, either here or in the Dominican Republic, that money will be spoken for because of the Defendant's costs of incarceration."
 
 
 10
 The defendant perfected a timely appeal from the sentence. In addition to contending that the district court erred in imposing the "additional" monthly fine, he argues that the court miscalculated the quantity of drugs for which he was responsible.
 
 II
 
 11
 Under U.S.S.G. § 5E1.2(f), it is the defendant who has the burden of establishing inability to pay a fine. See United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). In the case at bar the district court acknowledged that the defendant's "apparent" financial condition left him unable to pay any fine. The court was evidently not persuaded, however, that the appearance reflected the reality of the defendant's financial situation: "This court ... is not so naive [as] to believe that this money simply disappeared from the face of the earth...."
 
 
 12
 Either the defendant was able to sustain his subsection (f) burden of establishing inability to pay a fine or he was not. If the defendant was not able to sustain the burden, the district court was required to impose a fine under U.S.S.G. §§ 5E1.2(a) and (c). If the defendant was able to sustain the burden with respect to subsections (a) and (c), on the other hand, and if the fine called for by those sections was waived as a result, we do not read the guidelines as authorizing the imposition of an "additional" fine under subsection (i). "Although (f) is not mandatory," as the Court of Appeals for the Tenth Circuit observed in United States v. Labat, 915 F.2d 603, 607 (10th Cir.1990), "it makes no sense to waive the punitive fine and impose the 'additional' fine." The Labat court went on to observe that "fundamental semantics dictates that a subparagraph (i) fine cannot be 'additional,' unless it augments another fine. The guideline simply permits no other reading." Id.
 
 
 13
 We agree with the Labat court's reading of the guidelines. A fine imposed under subsection (i) has to be additional to something--and in the context of the section as a whole, it seems clear that a subsection (i) fine can only be additional to a fine imposed under subsection (a) and calculated in accordance with subsection (c). Just as it was impossible at common law for a grantor of real property to convey a remainder interest that was not preceded by the limitation of a particular freehold estate, see Cheshire's Modern Real Property at 240-41 (7th ed. 1954), so is it impossible under § 5E1.2(i) of the Sentencing Guidelines to impose an "additional" fine that is not preceded by a primary fine.
 
 
 14
 On remand, the district court should revisit U.S.S.G. § 5E1.2(f) and determine whether the defendant has established an inability to pay what that subdivision refers to as "all or part of the fine required by the preceding provisions...." If the defendant may be able to pay such a fine, and if the defendant has failed to establish that it would unduly burden his dependents, the court should impose that fine first. If the court does not impose a fine that reaches at least the bottom of the range prescribed by the subsection (c)--$25,000 in this case, according to the probation officer--the court should not impose any fine under subsection (i). If the court imposes a fine of at least $25,000, however, it should then go on to consider imposing an additional fine under subsection (i). Any such additional fine should cover the full cost of the defendant's imprisonment unless the court decides to waive or reduce the additional fine pursuant to subsection (f).
 
 III
 
 15
 The only question that remains is whether the district court committed clear error in determining the quantity of drugs for which the defendant was to be held accountable.
 
 
 16
 "A district court's finding as to the amount of drugs a defendant is to be held accountable for is a factual finding which must be accepted by this court unless clearly erroneous." United States v. Paulino, 935 F.2d 739, 756 (6th Cir.1990), cert. denied, 112 S.Ct. 315 (1991). In calculating the quantity of drugs for which the defendant is accountable, "the amount of the drug being negotiated, even in an uncompleted distribution, shall be used to calculate the total [a]mount in order to determine the base level." United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989). All drug quantities that were part of the same course of conduct must be considered, not just the quantities in the count or counts on which the defendant was convicted. United States v. Smith, 887 F.2d 104, 107 (6th Cir.1989).
 
 
 17
 Comment 2 to § 2D1.4 of the Sentencing Guidelines provides as follows:
 
 
 18
 "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved."
 
 
 19
 Having examined the record of this case in light of the foregoing principles, we are satisfied that the district court was not clearly erroneous in its finding as to the quantity of drugs for which Mr. Delemos was to be held accountable under the guidelines.
 
 
 20
 The sentence is therefore AFFIRMED except insofar as the fine is concerned. The fine portion of the sentence is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.